# Commonwealth of Massachusetts

2015 APR 29 PM 4: 13

SUFFOLK, ss.

A true copy Attest:
4/28/15
Deputy Sheriff Suffolk County

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2015-00898B

SHARON MCDONALD _____, Plaintiff(s)

v.

CITY OF BOSTON AND RICHARD WALKER _____, Defendant(s)

FORWARDED BY THE
CITY CLERK TO THE
APR 2 9 2015

2015 APR 29 A 11: 14
RECEIVED
CITY CLERK'S OFFICE
BOSTON MA

## SUMMONS

LAW DEPARTMENT
To the above-named Defendant: City of Boston
Maurren Feeney, City Clerk, 1 City Hall Sq #601
Bsoton, MA  02201

You are hereby summoned and required to serve upon Stephen J. Delamere

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

plaintiff's attorney, whose address is 839 Washington St., Stoughton, MA  02072, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Judith Fabricant**, Esquire, at Boston, the ___thirteenth___ day of ___April___, in the year of our Lord two thousand ___2015___.

Michael Joseph Donovan

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. I 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSCHUSETTS

SUFFOLK , SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. SUCV2015-00898B

```
SHARON MCDONALD          )
    Plaintiff            )
                         )
vs.                      )
                         )
CITY OF BOSTON, and      )
RICHARD WALKER,          )
    Defendant            )
                         )
```

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Sharon McDonald, (hereinafter "Plaintiff") is an individual who resides at 129 Pine Grove Drive, Brockton, Plymouth County, Massachusetts.

2. Defendant, City of Boston (hereinafter "Defendant") is a Massachusetts Municipality duly organized and, having a usual place of business located at 1 City Hall Plaza, Boston, Suffolk County, Massachusetts.

3. Defendant, Richard Walker, upon information and belief is a City of Boston Police Detective and is a citizen of the Commonwealth of Massachusetts. He is being sued in his individual capacity and in his capacity as a Police Detective for the City of Boston. Richard Walker has a business address of Area E-18, Hyde Park Avenue, Boston, Suffolk County, Massachusetts.

### FACTS

4. On or about May 22, 2012, four African American females entered a clothing store called Madd Rags, located at 690 American Legion Highway, in Roslindale. These individuals allegedly took merchandise from the store and assaulted employees when they tried to intercede. One of the assailants was alleged to have brandished a knife during the incident.

5. The assailants fled the scene in a green 1992 Honda Civic, bearing Massachusetts Registration 118SJ4. The vehicle was registered to Fitzroy Swift.

6. The Boston Police Department was notified of the theft and assault and was provided with the vehicle information for the Honda Civic. The investigation was assigned to

Richard Walker, a detective with the Boston Police Department.

7. Mr. Swift was contacted by the Boston Police Department about his vehicle and informed Boston Police personnel that he did not use the car but had registered it for a friend named Sharon McDonald. Mr. Swift described Ms. McDonald as a 5 foot 3 inch, 47 year old woman of Jamaican descent, who lives in Brockton. Mr. Swift also said that Ms. McDonald has a "bunch of daughters" and provided a telephone number of 857-294-7628.

8. At approximately 7:00 p.m. on the evening of May 22, 2012, a person identifying herself as Sharon McDonald called the Area E-18 police station to inquire about the incident. This person said she did not have any involvement in the incident, did not own the car involved, and did not know Mr. Swift.

9. A surveillance videotape retrieved from Madd Rags by Boston Police personnel on June 1, 2012, depicted the individuals involved in the incident and the altercation at the front door of Madd Rags. Detective Walker indicated in his report that the oldest suspect "looks like Sharon McDonald as she appears in her Massachusetts Driver's License Photo".

10. Detective Walker then sought a warrant for the arrest of Sharon McDonald of 129 Pine Grove Drive, Brockton, for Armed Robbery from the West Roxbury District Court. A warrant was issued based on Detective Walker's Report.

11. On June 19, 2012, Brockton Police arrived at Ms. McDonald's residence and asked her if she was Sharon McDonald. When she responded that she was, the officer asked her to come to the door. Ms. McDonald came to the door and confirmed that she was Sharon McDonald. The Officer asked her if she had been in Boston on May 22, 2012, which she responded she had not. The Officer asked her if she ever goes to Boston and Ms. McDonald responded usually on Fridays to see her mother.

12. The Officer responded that he had an arrest warrant for Ms. McDonald relating to an Armed Robbery. Ms. McDonald was hysterical and had to be calmed down by her fiancé, Brian Durant, who she lives with. She was handcuffed and placed in a police car.

13. Ms. McDonald was transported to the Brockton Police Station and then transferred to the West Roxbury District Court. At her arraignment Ms. McDonald, who had no criminal record, was placed on $5,000 cash bail based on the allegations contained in the police report about the use of a weapon during the theft.

14. Ms. McDonald was again hysterical as she did not have the means to make the bail and was surrendered to the Suffolk County Sheriff's Department. Ms. McDonald was placed in handcuffs and leg shackles from the Brockton Police Department until she arrived at the Suffolk County Jail for processing.

15. When Ms. McDonald arrived at the Suffolk County Jail she was processed, which included taking her finger prints and subjected her to a strip search. She was given

clothes to wear and was placed in the medical unit as she was on medication for her anxiety, depression and high blood pressure.

16. Ms. McDonald remained in the medical unit for approximately 2.5 days and was then transferred to a 2 person cell. Ms. McDonald requested to see medical staff as she was severely anxious, distraught, and potentially suicidal over her arrest. Ms. McDonald asked again to see medical personnel, but that request was rejected.

17. On June 27, 2012, Ms. McDonald had a bail review in the Superior Court. At her bail review her bail was reduced to personal recognizance and she was released by Judge Carol Ball.

18. Ms. McDonald filed a Motion to Dismiss the case on the fact that Ms. McDonald was incorrectly identified in the matter. On the day of the Motion to Dismiss, Ms. McDonald met with Detective Richard Walker. Detective Walker asked Ms. McDonald, more than once, if she knew Fitzroy Swift. Which she replied she did not. Detective Walker also inquired whether Ms. McDonald called him at the station, to which she replied she didn't. Detective Walker asked if the telephone number provided by Mr. Swift was Ms. McDonald's phone number. Mr. Durant showed Detective Walker Ms. McDonald's phone and confirmed that telephone number that called the Boston Police Station was not Ms. McDonald's. Lastly, Detective Walker asked Ms. McDonald if she drove a Green Honda Civic, to which she replied she did not and that she drove a Saturn Vue that was registered in her name.

19. Fitzroy Swift, the person that provided the identity of Ms. McDonald to the police, also could not identify Ms. McDonald in a photo array.

20. Detective Walker then spoke to the Assistant District Attorney and to Ms. McDonald's criminal attorney. An Assistant District Attorney then agreed to have the matter dismissed. The Court (Desmond, J.) held that the Motion to Dismiss was Allowed as Ms. McDonald "is not the proper subject of criminal complaint #1206CR1255 and was wrongfully charged herein".

21. The criminal charges against Ms. McDonald were dismissed.

22. Ms. McDonald has a history of anxiety and depression and has been social security disability since approximately 2010. Part of her anxiety/depression causes her to pull out her hair, which in turns required her to wear wigs. When her anxiety increases Ms. McDonald pulls her hair more.

23. During her incarceration Ms. McDonald was denied her medication except for her high blood pressure medication. She was extremely distraught as she was cut off from her family whom she was with every day, including her fiancée, her daughter and granddaughter, all of whom live together.

24. Ms. McDonald could not eat when she was incarcerated as she was too anxious given her circumstances and uncertainty when she would be released. She would bang her hands

3

against the bars of her cell as she was so distraught over her situation, which included being in a cell with another woman, having to use the bathroom in a cell in view of a cell mate and the Correction Officers. During her incarceration Ms. McDonald was allowed to keep her wig on due to her hair loss situation. Other inmates commented on Ms. McDonald's hair and ask to touch her hair. Ms. McDonald was concerned if she denied other inmates requests she may be subject to reprisal. Even after being released, Ms. McDonald had no appetite.

25. Upon her release, Ms. McDonald had to see her psychiatrist as she was distraught from her arrest and incarceration. She was also ill from her medication that she took when she arrived home from jail as it had been out of her system during that week. Apparently, after 8 days of not talking her medication, her medication levels needed to be adjusted. Thereafter, Ms. McDonald's medication levels were increased to deal with her increased anxiety and depression.

26. Upon her release, Ms. McDonald also saw her therapist as she was having issues with increased anxiety, depression, and nightmares from her incarceration. Ms. McDonald also had difficulty leaving her home for approximately a year after the accident as she was fearful from the arrest. She would also be extremely anxious when the doorbell would ring as she felt that the Police were coming back to arrest her. She did not go visit her mother as she regularly did before her arrest and if she was out on her way to a medical appointment she would get extremely anxious and panic and her heart race would increase.

27. Ms. McDonald would cry frequently as she continued to relive her incarceration and had difficulty dealing with what had happened.

28. Currently, Ms. McDonald continues to think about her arrest and incarceration. She has nightmares of the incident; continues to have issues with people coming to her home and ringing the doorbell; and continues to have a fear of police officers and is paranoid when hearing sirens. She could not help with her granddaughter as she did prior to her arrest and did not have the same relationship with her fiancé due to her increased fear and anxiety.

29. On 2 occasions, Ms. McDonald, through Counsel, forwarded a Notice letter to the City of Boston pursuant to Massachusetts General Laws c. 258, § 4, and c. 12, § 11H, 11I as well as Federal Civil Rights violations.

30. After receiving Counsel Notice letters, the City of Boston requested that Ms. McDonald provide a statement to the Boston Police Department regarding an Internal Affairs Investigation into her arrest. Internal Affairs Investigators interviewed Ms. McDonald at the office of her attorney on May 21, 2013.

31. Ms. McDonald, through Counsel, requested on various dates the status of the investigation. As of the date of the filing of this Complaint, Ms. McDonald was never advised of the results of the Internal Affairs Investigation into her arrest by Detective Walker.

## COUNT I
## WRONGFUL ARREST 42 U.S.C.A. § 1983 v. RICHARD WALKER

32. The Plaintiff repeats and realleges paragraphs 1-31 as if fully stated herein.

33. By engaging in the conduct described above, Defendant Walker deprived the Plaintiff of clearly established and well settled constitutional rights while acting under color of law. Specifically, Detective Walker's actions deprived the Plaintiff of her rights secured and guaranteed to her by the United States Constitution including, but not limited to, her Fourth Amendment right to be free from unlawful seizure of her person and her Fifth and Fourteenth Amendment rights to due process of law.

34. Furthermore, the wrongful acts were undertaken with gross indifference and reckless disregard of the Plaintiff's constitutional rights, and include the following without limitation:

   A. Detective Walker failed to conduct a proper and thorough investigation, including failing to corroborate witness identification of a suspect, when it was later determined that the person that provided the identity of the Plaintiff, Fitzroy Swift, was unable to identify her; failing to investigate the information provided by the owner of the vehicle used in the arrest, Mr. Fitzroy Swift, regarding Sharon McDonald, including but not limited to, her Jamaican background, number of children, height, and weight; failing to properly investigate the identity of the person who called the police station identifying herself as "Sharon McDonald" even when presented with a telephone number that should have been verified; failing to properly investigate whether the Plaintiff had her own registered vehicle; failing to conduct a photo array with the Plaintiff's photo to the persons involved in the robbery prior to seeking an arrest warrant; and failing to conduct any investigation into the Plaintiff's whereabouts on the day of the incident prior to seeking an arrest warrant;
   B. Detective Walker intentionally filed materially false and/or inaccurate pleadings with the intention of causing the arrest of Ms. McDonald when he knew or should have known that there were neither grounds nor probable cause for the arrest;
   C. A reasonably well trained officer would have known that he did not have a basis for an arrest warrant based on the information presented at that time.

35. As a direct and proximate result of the Detective Walker's actions, the Plaintiff was caused to be arrested, denied her liberty as a result of incarceration, was caused to suffer severe personal injuries, emotional distress, pain and suffering, and to incur medical bills and other costs.

36. The above constitutes violations of 42 U.S.C.A. § 1983.

5

Wherefore, Plaintiff prays that judgment be entered against Defendant Detective Richard Walker in an amount that will fairly and adequately compensate for Plaintiff's injuries, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II
## WRONGFUL ARREST 42 U.S.C.A. § 1983 v. CITY OF BOSTON

37. The Plaintiff repeats and realleges paragraphs 1-36 as if fully stated herein.

38. At all times material to this Complaint, Defendant City of Boston acting through its Police Commissioner and other supervisory personnel of the City of Boston Police Department, who are the policy makers for said Department, maintained policies, procedures, and/or customs of deliberate indifference to the constitutional rights of persons in and around the City of Boston which caused the deprivation of Ms. McDonald's constitutional rights.

39. Defendants' failure to properly investigate and gather evidence, including exculpatory evidence, resulted in the arrest of Plaintiff.

40. Such conduct was consistent with inadequate and negligent training and with the policies and customs of the City of Boston Police Department at the time they took these actions.

41. By failing to properly conduct an internal affairs investigation and provide a determination in a reasonable amount of time, as well as the inadequate and negligent training of its Police Detective, the actions of the City of Boston were grossly negligent and deliberately indifferent to the civil rights of its citizens, all in violation of 42 U.S.C. § 1983.

42. By engaging in the conduct described above, the City of Boston, by itself and through Defendant Walker, deprived the Plaintiff of clearly established and well settled constitutional rights while acting under color of law. Specifically, the City of Boston's actions deprived the Plaintiff of her rights secured and guaranteed to her by the United States Constitution including, but not limited to, her Fourth Amendment right to be free from unlawful seizure of her person and her Fifth and Fourteenth Amendment rights to due process of law.

43. As a direct and proximate result of the above, the Plaintiff was caused to be arrested, denied her liberty as a result of incarceration, was caused to suffer severe personal injuries, emotional distress, pain and suffering, and to incur medical bills and other costs.

44. The above constitutes violations of 42 U.S.C.A. § 1983.

Wherefore, Plaintiff prays that judgment be entered against Defendant City of Boston in an amount that will fairly and adequately compensate for Plaintiff's injuries, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT III
## NEGLIGENCE V. CITY OF BOSTON PURSUANT TO M.G.L C. 258 § 4

45. The Plaintiff repeats and realleges paragraphs 1-44 as if fully stated herein.

46. Defendants' failure to properly investigate and gather evidence, including exculpatory evidence, resulted in the arrest of Plaintiff.

47. The Defendant, City of Boston through the actions of its employee Richard Walker, failed to act in a reasonable manner and the actions listed below were negligent resulting in the arrest and incarceration of the Plaintiff.

    a. Detective Walker failed to conduct a proper and thorough investigation, including failing to corroborate witness identification of a suspect, when it was later determined that the person that provided the identity of the Plaintiff, Fitzroy Swift, was unable to identify her; failing to investigate the information provided by the owner of the vehicle used in the arrest, Mr. Fitzroy Swift, regarding Sharon McDonald, including but not limited to, her Jamaican background, number of children, height, and weight; failing to properly investigate the identity of the person who called the police station identifying herself as "Sharon McDonald" even when presented with a telephone number that should have been verified; failing to properly investigate whether the Plaintiff had her own registered vehicle; failing to conduct a photo array with the Plaintiff's photo to the persons involved in the robbery prior to seeking an arrest warrant; and failing to conduct any investigation into the Plaintiff's whereabouts on the day of the incident prior to seeking an arrest warrant;
    b. A reasonably well trained officer would have known that he did not have a basis for an arrest warrant based on the information presented at that time.

48. As a direct and proximate result of the negligence of the City of Boston's employee, Detective Richard Walker, the Plaintiff was caused to be arrested, denied her liberty as a result of incarceration, was caused to suffer severe personal injuries, emotional distress, pain and suffering, and to incur medical bills and other costs.

49. The above constitutes violations of M.G.L. c. 258 § 4.

Wherefore, Plaintiff prays that judgment be entered against the City of Boston in an amount that will fairly and adequately compensate for Plaintiff's injuries, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT IV
## VICARIOUS LIABILITY AS TO CITY OF BOSTON

50. The Plaintiff repeats and realleges paragraphs 1-49 as if fully stated herein.

51. The City of Boston is vicariously liable for the acts of its agents, servants and employees, including Richard Walker, failure to properly investigate and gather evidence, including exculpatory evidence, resulting in the arrest of Plaintiff.

Wherefore, Plaintiff prays that judgment be entered against the City of Boston in an amount that will fairly and adequately compensate for Plaintiff's injuries, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

52. The Plaintiff repeats and realleges paragraphs 1-51 as if fully stated herein.

53. The City of Boston and its employee, Richard Walker, acted intentionally or with gross recklessness as described above, were extreme and outrageous and beyond all possible bounds of decency;

54. The Defendants knew or should have known that emotional distress would result from their conduct;

55. The intentional and or grossly reckless actions described above, caused the Plaintiff to suffer severe emotional distress which no reasonable person should be expected to endure.

Wherefore, Plaintiff prays that judgment be entered against the City of Boston and Richard Walker in an amount that will fairly and adequately compensate for Plaintiff's injuries, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

56. The Plaintiff repeats and realleges paragraphs 1-55 as if fully stated herein.

57. The City of Boston and its employee, Richard Walker, actions as described above were negligent;

58. It was reasonably foreseeable that the Defendants' negligent conduct would have caused the Plaintiff emotional harm;

59. The Defendants actions caused the Plaintiff to suffer severe emotional distress.

Wherefore, Plaintiff prays that judgment be entered against the City of Boston and Richard Walker in an amount that will fairly and adequately compensate for Plaintiff's injuries, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT VI
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
(All defendants)

60. The Plaintiff repeats and realleges paragraphs 1-59 as if fully stated herein.

61. By engaging in the conduct described above, the defendants interfered and deprived Ms. McDonald of her exercise and enjoyment of her civil rights secured under the laws of the Commonwealth of Massachusetts, in violation of Massachusetts General Laws Chapter 12 § 111.

62. As a direct and proximate result of the defendant's violations of M.G.L. c. 12, § 111, Ms. McDonald suffered the injuries described above.

Wherefore, Plaintiff prays that judgment be entered against the City of Boston and Richard Walker in an amount that will fairly and adequately compensate for Plaintiff's injuries, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any of the Defendants.

Respectfully submitted,
Sharon McDonald,
By her attorney,

Stephen J. Delamere, Esq.
BBO#: 561249
Law Office of Stephen J. Delamere, P.C.
839 Washington Street
Stoughton, MA 02072
(781) 344-0012
sdelamere@delamerelaw.com

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. _____ |
|---|---|---|
| **PLAINTIFF(S)** SHARON MCDONALD | **DEFENDANT(S)** CITY OF BOSTON AND RICHARD WALKER | |

| Plaintiff Atty | Stephen J. Delamere | Type Defendant's Attorney Name | |
|---|---|---|---|
| | | Defendant Atty | |
| Address | 839 Washington Street | Address | |
| City | Stoughton  State MA  Zip Code 02072 | City    State    Zip Code | |
| Tel. | +1 (781) 344-0012  BBO# 561,249 | | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Claims Against Comm or Municipality - Average Track | | (●) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................... $_____
  2. Total doctor expenses ...................................................... $_____
  3. Total chiropractic expenses ............................................ $_____
  4. Total physical therapy expenses ...................................... $_____
  5. Total other expenses (describe) mental health therapy ... $6,560.00
     Subtotal $6,560.00
B. Documented lost wages and compensation to date ............ $_____
C. Documented property damages to date .............................. $_____
D. Reasonably anticipated future medical expenses ................ $_____
E. Reasonably anticipated lost wages and compensation to date $_____
F. Other documented items of damages (describe) ................. $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Claims against City of Boston and Boston Police Detective for civil rights violation and negligence from a wrongful arrest and incarceration.
   
   Total $6,560.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL   $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: March 27, 2015
A.O.S.C. 3-2007