UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHARON MCDONALD, <br><br>　　　Plaintiff, <br><br>v. <br><br>CITY OF BOSTON and RICHARD WALKER, <br><br>　　　Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 1:15-CV-11915-JGD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT RICHARD WALKER'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT SUBMITTED PURSUANT TO LOCAL RULE 56.1**

Defendant Richard Walker ("Walker") hereby submits this statement of undisputed material facts in support of his Motion for Summary Judgment on Plaintiff Sharon McDonald's ("Plaintiff") Complaint, pursuant to Local Rule 56.1.

**UNDISPUTED MATERIAL FACTS**

1.　Walker is a Detective at the Boston Police Department. He has served in the position of Detective since 2000. See Affidavit of William T. Hogan III ("Hogan Aff."), Exhibit A (*Excerpts of Transcript of April 20, 2016 Deposition of Richard Walker*), p. 34:1–2.

2.　On May 22, 2012, Walker responded to a report of an armed robbery at a store known as Madd Rags in Roslindale, Massachusetts. See Complaint, ¶¶ 4, 6; see also Ex. A, p. 56:11–17; Hogan Aff., Exhibit B (*Walker's Answers to Plaintiff's First Set of Interrogatories*), p. 2.

3. The robbery suspects were four African-American females, who attempted to leave the store without paying for merchandise, and one suspect was armed with a knife. See Ex. A, p 62:15–21.

4. The four female suspects fled the scene in a green 1992 Honda Civic registered to Fitzroy Swift ("Swift"). See Complaint, ¶¶ 4–5; Ex. A, pp. 63:8–14, 70:1–5; Ex. B, p. 3.

5. Walker subsequently contacted Swift by phone, and Swift claimed that he did not use the 1992 Honda Civic at issue, but that he had registered it for use by his friend, Sharon McDonald ("McDonald"), of Brockton, Massachusetts. See Complaint, ¶ 7; Ex. A, pp. 78:10–80:16; Ex. B, p. 3.

6. During this conversation, Swift informed Walker that McDonald had several children, was 47 years old, stood roughly 5'3", and was Jamaican. See Complaint, ¶ 7; Ex. A, pp. 80:19–83:11; Ex. B, p. 3.

7. Swift also provided Walker with McDonald's telephone number. Swift could not provide Walker a specific address in Brockton where McDonald resided. See Ex. A, pp. 85:5–11, 86:10–11; Ex. B, p. 3.

8. Upon returning to the police station, Walker called the telephone number provided by Swift, and left a voice message asking the recipient to call him at the Boston Police Department. See Ex. A, pp. 89:22–90:7; Ex. B, p. 3.

9. Walker also performed a search for Sharon McDonald in the registry of Motor vehicles ("RMV") database. His search revealed that there was only one Sharon McDonald with a Brockton address in the RMV database. See Ex. A, pp. 97:6–98:3; Ex. B, p. 3.

10. That same day, an individual claiming to be Sharon McDonald called the police station. Walker spoke to her by telephone. She told him she was calling in response his earlier

message, and stated she was not involved in the robbery and did not know Swift. This individual, who had a Jamaican accent, refused to talk to Walker in person. See Complaint, ¶ 8; Ex. A, pp. 93:1–95:22, 101:9–11; Ex. B, pp. 3–4.

11. The next day, May 23, 2012, Walker and Detective Daniel Conboy of the Boston Police Department conducted a photo array for the victims of the robbery. The victims were unable to identify anyone based on the photos provided. See Ex. B, p. 4.

12. Walker next obtained and reviewed the surveillance video from Madd Rags, and noted that a woman in the surveillance footage resembled the Massachusetts driver's license photo of Sharon McDonald. See Complaint, ¶ 9; Ex. A, p. 154:10–20; Ex. B, p. 4.

13. Walker subsequently sought an arrest warrant for an individual named Sharon McDonald of 129 Pine Grove Drive, Brockton, Massachusetts. See Complaint, ¶ 10; Ex. A, p. 161:5–17; Ex. B, p. 4.

14. Walker did not include in his application any information regarding the photo array conducted with the victims. See Ex. A, p. 222:6–12.

15. On June 19, 2012, Brockton Police arrived at Plaintiff's residence and arrested Plaintiff for the armed robbery on May 22, 2012. See Complaint, ¶ 11.

16. Walker was not one of the officers that arrested Plaintiff, and was not at the scene during the arrest. See Ex. A, pp. 218:21–219:9.

17. On or around July 10, 2012, Walker appeared for a pretrial hearing and learned that Plaintiff was claiming there had been a mistake with regard to her identity and the arrest. See Ex. A, p. 226:8–13.

18. After meeting with Plaintiff, Walker determined that she was not the Sharon McDonald involved in the armed robbery on May 22, 2012. See Ex. A, p. 194:11–15; Ex. B, p. 4.

19.     Immediately upon discovering that Plaintiff was not the Sharon McDonald involved in the robbery, Walker met with the District Attorney and requested that the charges against Plaintiff be dismissed.  See Ex. A, p. 239:16–22.

>Respectfully submitted,
>
>Richard Walker,
>
>By his attorney,
>
>*/s/ William T. Hogan III*
>William T. Hogan III (BBO# 237710)
>bill.hogan@nelsonmullins.com
>Nelson Mullins Riley & Scarborough LLP
>One Post Office Square, 30th Floor
>Boston, MA 02109
>(617) 217-4700
>(617) 217-4710

Dated:  February 28, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on this date.

Dated: February 28, 2018              */s/ William T. Hogan III*
                                       William T. Hogan III