

One Schroeder Plaza, Boston, MA 02120-2014

July 6, 2015

To: Police Commissioner William B. Evans
Police Commissioners Office

From: Deputy Superintendent Jeffrey I. Walcott
Assistant Chief, Bureau of Professional Standards

Subject: Internal Affairs Recommendations

Sir:

I respectfully submit the recommendations of the Internal Affairs Division in reference to:
Case # IAD2012-0484

Complainant: Sharon McDonald
129 Pine Grove Drive
Brockton, MA 02301

Employee(s): Det. Richard Walker
I.D. # 09038 – Area E-18
Violation of Rule(s)
**102,§4 (Neglect of Duty) –Sustained**

Respectfully submitted,

Deputy Superintendent Jeffrey I. Walcott
Assistant Chief, Bureau of Professional Standards

Reviewed by Chief, BPS and Forwarded to Legal Advisor

Reviewed by Legal Advisor and Forwarded to Police Commissioner

Reviewed by Police Commissioner and Forwarded to IAD

Mayor Martin J. Walsh



**Boston Police**
DEPARTMENT

One Schroeder Plaza, Boston, MA 02120-2014

| | |
|---|---|
| To: | Deputy Superintendent Jeffrey I. Walcott<br>Assistant Chief, Bureau of Professional Standards |
| From: | Lieutenant Detective Adrian Troy<br>Internal Affairs Division |
| Date: | July 2, 2015 |
| Subject: | IAD Case: IAD#2012-0484 |
| Employee: | Detective Richard A. Walker, ID # 9038 |
| Violation: | Rule 102, Sec 4, Neglect of Duty |
| Complainant: | Ms. Sharon McDonald<br>129 Pine Grove Drive<br>Brockton, MA. 02301 |

Sir,

    I, Lieutenant Detective Adrian Troy, respectfully submit the following review of IAD complaint #2012-0484.

    Following an Armed Robbery on May 22, 2012 the assigned Detective, Detective Richard Walker, conducted an investigation and believed that he identified a suspect, Mrs. Sharon McDonald. On June 19, 2015 Detective Walker sought and was issued an arrest warrant for Mrs. Sharon McDonald in West Roxbury District Court. On June 19, 2015 Mrs. McDonald was arrested at her home in Brockton, arraigned in West Roxbury District Court and held in custody for 8 days until a June 27, 2012 Bail Review.

    The following is a list of court notations and appearances regarding this case;
- June 19, 2012 – Arraignment, West Roxbury District Court
- June 27, 2012 – Bail Review, Suffolk Superior Court
- July 10, 2012 - Motion to Dismiss filed, Suffolk Superior Court
- July 23, 2012 – Charges dismissed, Suffolk Superior Court

    Contrary to Sergeant Detective Lozano's investigative report and Detective Walker's testimony, there was no June 23, 2012 court date in West Roxbury Court. That date was in fact July 23, 2012 in Suffolk Superior Court. At this July 23, 2012 court date Detective Walker maintained that he spoke to Mrs. McDonald and her Attorney and established that Mrs. McDonald was not a suspect in the Armed Robbery. Detective Walker then allegedly implored the Assistant District Attorney (ADA) to dismiss the charges. The conversation with Mrs. McDonald and her Attorney is verified by Mrs. McDonald's Attorney, Stephen Delamere.



This Lieutenant Detective was unable to verify Detective Walker's appeal to the assigned ADA. The conversation is not noted on the case folder. The assigned ADA in Suffolk Superior Court was ADA Ester Lane. According to the Suffolk County District Attorney's Office, Ms. Lane has not worked for their office since May 2013 and they were unable to provide any forwarding or contact information.

Immediately after the May 22, 2012 Armed Robbery Detective Walker established the registered owner of the alleged getaway vehicle, Mr. Fitzroy Swift. Mr. Swift was unwilling to meet with Detective Walker. During a telephone conversation on the same date with Detective Walker, Mr. Swift did however furnish Mrs. McDonald's name and hometown and identified her as a suspect. The following day, May 23rd, Detective Walker included Mrs. McDonald's 5 year old Drivers License picture in photo array and showed it to the two victims, neither of whom were able to identify Mrs. McDonald as a suspect.

Detective Walker conducted Board of Probation (BOP) checks on Mrs. McDonald and Mr. Fitzroy Swift. Mrs. McDonald had no criminal history. Mr. Swift however has an extensive criminal history (some 31 charges) dating back to 1989. Mr. Swift's convictions include a litany of drug offences and a conviction for Armed Robbery. Detective Walker had no knowledge of Mr. Swift's credibility, nor had he established his reliability. Detective Walker by his own admission did not meet or show Mr. Swift a photo array until after Mrs. McDonald's arrest.

In his June 19, 2012 *Application for Criminal Complaint* Detective Walker sought an Arrest Warrant for Mrs. McDonald, as opposed to a requesting a Criminal Hearing. This Lieutenant Detective confirmed with West Roxbury District Court that Clerk Magistrate's Hearings are not audio recorded and the only record of the event is a notation from the Clerk Magistrate that Probable Cause was found. It is not possible to establish what exactly Detective Walker informed the Clerk Magistrate, however the testimony was apparently sufficient to establish Probable Cause.

<u>Findings / Recommendations:</u>

Detective Richard A. Walker responded to and was assigned to investigate a Tuesday May 22, 2012 Armed Robbery at 690 American Legion Highway in Roslindale. Detective Walker was furnished with a description of the suspects and obtained a listing of the alleged getaway vehicle. In the immediate aftermath of the Armed Robbery, Detective Walker responded to the home of the registered owner of the alleged getaway vehicle, Mr. Fitzroy Swift. Mr. Swift was not home and via telephone stated that he was unwilling to meet with Detective Walker. He did however furnish Detective Walker with the name of an alleged suspect, Mrs. Sharon McDonald, who Mr. Swift stated that he registered the vehicle for, for reasons unknown and not investigated.

Detective Walker had no frame of reference for Mr. Swift's veracity and had not established his reliability or credibility, yet he based his entire investigation on an

indiscriminate name from a city of a 100,000 people, furnished during a telephone conversation with an unknown entity.

Based on Mr. Swift's information Detective Walker focused on Mrs. Sharon McDonald of Brockton, conducted a BOP on her and printed her License Picture. He then compiled a photo array including Mrs. Sharon McDonald and showed it to the two victims, who failed to pick out Mrs. Sharon McDonald as a suspect.

The following details should have been cautionary indicators to Detective Walker and should have at bare minimum compelled him to investigate further;

- *The use of a common name allegedly from a city of a 100,000 people.*
- *Mrs. Sharon McDonald's complete absence of criminal history.*
- *Mr. Swift's extensive criminal history, including an Armed Robbery conviction*
- *Mr. Swift's reluctance to meet with Detective Walker*
- *The use of a 5year old License picture of Mrs. Sharon McDonald in the photo array.*
- *The failure of the victims to identify Mrs. Sharon McDonald from a photo array.*
- *Detective Walker's reliance on uncorroborated information from a telephone conversation with an unknown entity without establishing his reliability or credibility.*

Based on the information available, Detective Walker was remiss in seeking an Arrest Warrant for Mrs. Sharon McDonald. To seek even a Criminal Hearing against Mrs. Sharon McDonald based on the information Detective Walker had uncovered in his month long investigation would have been dubious, yet it would have been the most prudent course of action and would have averted Mrs. Sharon McDonald's 8 day incarceration.

I, **Lieutenant Detective Adrian Troy, therefore make the following recommendation regarding IAD Complaint #2012-0484,**

<u>Detective Richard A. Walker, ID # 9038</u>

This investigation disclosed sufficient evidence to support the allegation that Detective Walker's scant investigation and reliance on uncorroborated information from a telephone conversation with an unknown entity without establishing his reliability or credibility led directly to the wrongful 8 day incarceration of Mrs. Sharon McDonald.

**Violation of Rule 102, Sec 4, Neglect of Duty** <u>Sustained</u>

Respectfully submitted,

_____
Lieutenant Detective Adrian Troy
Internal Investigation Unit

Contents Noted,

_____
Deputy Superintendent Jeffery I. Walcott,
Assistant Chief-BPS

Contents Noted and Approved,

_____
Superintendent Frank Mancini,
Chief, Bureau of Professional Standards

_____
Legal Advisor